**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Megan-Marie Shook,                                          Civ. No. 26-cv-2116 (PJS/DJF)

        Plaintiff,

                                        **PRETRIAL SCHEDULING ORDER**
v.                                                                                  **(ERISA)**

The Prudential Insurance Company of
America,

        Defendant.

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings. Under Local Rule 16.2 and Federal Rules of Civil Procedure 26(a)(1)(B) and 26(f), the Court issues this Order without conducting a pretrial scheduling conference or soliciting a Rule 26(f) Report. If any party seeks to participate in a Rule 16 pretrial conference or file a Rule 26(f) Report, that party shall file a request to do so, stating the opposing party's position after meeting and conferring with the opposing party.

If a request to participate in a Rule 16 pretrial conference or submit a Rule 26(f) Report is not received by **June 8, 2026**, this Order thereafter may be modified only upon a showing of good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3.

**DISCOVERY AND NON-DISPOSITIVE MOTION DEADLINES**

Discovery outside the Administrative Record is allowed in ERISA disability benefits cases only if the parties agree or upon Court order.

1.      Defendant shall disclose the entire Administrative Record to Plaintiff on or before **October 1, 2026**.

2.      Plaintiff shall review and verify the completeness of the administrative record by **November 2, 2026**.

3.      Any motion seeking discovery shall be filed and served on or before **December 1, 2026** and must be supported by good cause.  If no motion seeking discovery is filed, the parties must stipulate that the administrative record shall constitute the factual record by that date.  The stipulation need not be filed on CM/ECF.

4.      Motions seeking to join other parties shall be filed and served on or before **December 1, 2026**.

5.      Motions seeking to amend the pleadings shall be filed and served on or before **December 1, 2026**.

6.      All other non-dispositive motions shall be filed and served on or before **January 4, 2027**.

## <u>SETTLEMENT</u>

Counsel are directed to meet and confer regarding settlement on or before **June 29, 2026**. During the meet-and-confer, the parties shall discuss and attempt to reach agreement, if possible, regarding the following potential exposure calculations: the amount of monthly benefits; the amount of any actual or potential set-off for Social Security or other benefits; the amount of any past-due benefits; the amount of any future benefits; and total exposure.  The parties shall also discuss each party's position regarding the standard of review and the applicable present value discount rate.  If additional information is needed to address any of these topics, the parties shall discuss when and how the information is expected to be obtained.  Whenever possible, the parties shall also exchange at least one round of settlement demands and offers.

Following the meet-and-confer, each party must submit a 1-2 page confidential letter describing the settlement discussions that have taken place, whether and when the party believes a settlement conference or private mediation might be most productive, and what additional discovery or motion practice might be needed to maximize the chances of reaching a settlement

in such a conference.  Each party's confidential letter must be submitted by email to Judge Foster

at Foster_Chambers@mnd.uscourts.gov by **July 6, 2026**.

## PROTECTIVE ORDER:

Because discovery outside the Administrative Record is not permitted in ERISA

disability benefits cases unless otherwise agreed or ordered, a protective order is currently

unnecessary.  The Court will consider a motion or stipulation for a protective order if needed.

## CLAIMS OF PRIVILEGE OR PROTECTION:

The parties shall follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding

information produced in discovery that is subject to a claim of privilege or protection as trial-

preparation material.   Pursuant to Fed. R. Evid. 502, the inadvertent production of any

documents in this proceeding shall not constitute a waiver of any privilege or protection

applicable to those documents in any this or any other federal or state proceeding.  Any privilege

logs pursuant to Fed. R. Civ. P. 26(b)(5)(A) must be served at the same time as the document

production from which any privileged materials are withheld.  Unless otherwise ordered, the

parties are not obligated to identify on their privilege logs any documents, communications, or

other materials that came into existence on or after the date that Plaintiff's first complaint was

filed in this action.

## DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Because discovery outside the Administrative Record is not permitted in ERISA

disability benefits cases unless otherwise agreed or ordered, ESI discovery is unlikely to be an

issue in this case.  If any such issue arises, the parties must work together to resolve any disputes.

## NON-DISPOSITIVE MOTION GUIDELINES

Meet and Confer Requirement

Except as otherwise specified in Local Rule 7.1(a), the parties must comply with the meet and confer requirement before calling for a hearing date, filing any motion, or engaging in Informal Dispute Resolution (IDR).  Parties must make a good faith attempt to confer through personal contact, rather than solely through written correspondence, email or voice messages. "Personal contact" includes in-person meetings, videoconferences and contemporaneous telephone calls.  Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow their disagreements before seeking the Court's involvement.

Unopposed Motions and Stipulations

Whenever a party seeks relief from the Court, that party should file a motion—as opposed to a stipulation—even if the parties agree regarding the requested relief.  The party requesting relief may bring an unopposed motion; if both parties seek the relief, the parties may bring a joint motion.  In filing such a motion, the filing party must file: (1) the motion, including a statement regarding the opposing party's non-opposition or joinder; (2) a proposed order; and (3) supporting affidavits or exhibits, if any.  The filing party does not need to contact Chambers for a hearing date and file a notice of hearing unless a hearing is requested and does not need to file a memorandum or separate meet-and-confer statement.  The Court may, at its discretion, schedule a hearing on any such motion upon reviewing the moving party's submissions.

Informal Dispute Resolution

Whenever possible, the parties should bring discovery disputes to the Court using the Court's IDR process.  IDR is only available when all parties with a stake in the disputed issue agree to use it.  If the parties agree to use IDR, they must jointly contact Chambers by telephone or email at 612-664-5540 or Foster_Chambers@mnd.uscourts.gov to schedule a Zoom videoconference.  Each party will then submit a short letter setting forth the issue(s) to be

resolved, stating that party's position with respect to each issue, and confirming that the party has agreed to resolve the dispute through IDR. Charts and bullet-point summaries of the issue(s) are encouraged. Unless otherwise specified by the Court, letter submissions shall be no more than three (3) pages long and must be emailed to Chambers and all parties at least two (2) business days before the Zoom videoconference is scheduled to take place.

Given the absence of formal briefing, the lack of any transcript or recording of the telephone hearing, and the fact that the Court's minute entry will not discuss the reasoning underlying the Court's decision, the decision on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion. By agreeing to submit a dispute to IDR, the parties agree to live with the decision rendered on that dispute at the conclusion of the IDR process.

Formal Non-Dispositive Motions

Formal non-dispositive motions must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1 and 37.1, the Federal Rules of Civil Procedure and all other applicable rules. Unless the motion is unopposed, the moving party must contact Chambers to schedule a hearing before filing the motion. When calling for a hearing date, counsel for the moving party must be prepared to provide a high-level overview of the dispute and describe prior communications with opposing counsel regarding IDR and the meet-and-confer process. **If the Court authorizes the moving party to file its motion with a hearing date to be determined ("TBD"), the moving party must file its motion papers within fourteen days of receiving such authorization. Otherwise, the moving party must call Chambers again before filing the motion.**

Before scheduling a motions hearing the Court may, at its discretion, require the parties to participate in an informal conference to discuss the dispute and determine whether the issues can be resolved or narrowed without motion practice.

Unless the motion is unopposed, pursuant to Local Rule 7.1(b) **a hearing date (or permission to file TBD) must be obtained before any non-dispositive motion is filed, even if the parties agree that no hearing is necessary.** If the parties agree that a hearing is not necessary, the moving party should include a statement to that effect in the Notice of Hearing. The Court will determine whether to cancel the hearing after briefing is complete. Parties are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court and obtaining permission to do so.

Do not send paper courtesy copies of filings to Chambers. If the motions contain or refer to documents that are not filed on ECF, those documents should be emailed to Chambers at Foster_Chambers@mnd.uscourts.gov. Parties should email courtesy copies of proposed orders in Word format to Chambers.

## FILING DOCUMENTS UNDER SEAL

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and must comply with the Rule when seeking to file documents under seal. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery is not a sufficient justification for continued sealing pursuant to that Rule.

## DISPOSITIVE MOTIONS

All dispositive motions (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be served, filed **AND HEARD** on or before **May 3, 2027**.

Counsel for the moving party shall call Chief Judge Schiltz's Courtroom Deputy at 612-664-5483 to schedule the hearing. **Parties are reminded that the scheduling of a dispositive motion requires considerable advance notice (typically three to four months).** Parties should attempt to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.

All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, two paper courtesy copies (three-hole punched and unstapled, and if warranted, exhibits appropriately tabbed) of the pleading and all supporting documents shall be mailed or delivered to Chief Judge Schiltz's Courtroom Deputy at the same time as the documents are posted on ECF.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

**<u>TRIAL</u>**

The Court anticipates that this case will be resolved without a trial. If a trial becomes necessary, this case will be ready for a bench trial on or about **September 3, 2027**. The anticipated length of trial is **1-2** days.

Date:  June 1, 2026

_s/Dulce J. Foster_
DULCE J. FOSTER
United States Magistrate Judge